UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

JAN 25 2007

U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT CONNER, | ) |
| ROBERT BAKER, | ) |
| WILLIAM HART, | ) |
| DeAMON WHITE, | ) Case No. |
| GERALD MAURICE RANKIN, | ) |
| MONICA GHOLSON, | ) |
| JACQUELINE GREEN, | ) |
| JERRY BROWN, | ) |
| ULAS GREEN, | ) |
| JOANNA DAVIS, | ) |
| GLENDA CHAMBERS, | ) |
| LOIS GHOLSON, | ) |
| REGINA DAVIDSON, | ) |
| RONALD MASON, | ) |
| KARL PETERS, | ) |
| MAX DAVIS, | ) |
| JOHN BOWMAN, | ) |
| | ) |
| Defendants. | ) |

4 : 07CR00050HEA

## INDICTMENT

## COUNT ONE

The Grand Jury charges that:

## Introduction

1.   At all times relevant to this indictment, Bank of America (BOA), its assets and its accounts were insured by the Federal Deposit Insurance Corporation and provided banking services to customers in the Eastern District of Missouri and elsewhere.

2.    At all times relevant to this indictment, as a part of its banking business, BOA provided credit lines to small business customers.

3.    At all times relevant to this indictment, BOA had a lending program that specifically targeted small business customers.  To qualify for a credit line under the program, the small business had to be a legitimate business, it had to have at least $250,000 in annual gross revenue, and the individual applying in the name of the business could not have had a prior charge off with BOA.

4.    If these criteria were met, a BOA Vice President, Robert Conner, had the underwriting authority to approve individual small business lines of credit up to $25,000.  These credit lines were issued in the form of BOA Platinum Visa credit cards with $25,000 credit limits, monthly bills going to the borrower, and minimum monthly payments and interest fees paid to the lender.

5.    From in or about June 2005, and continuing until in or about November 2006, in the Eastern District of Missouri,

**ROBERT CONNER,**

the defendant herein, together with Monica Gholson, Max Davis, Joanna Davis, Jacqueline Green, Ulas Green, Robert Baker, John Bowman, Jerry Brown, Glenda Chambers, Regina Davidson, Lois Gholson, William Hart, Ronald Mason, Karl Peters, Gerald Maurice Rankin, DeAmon White and others known and unknown to the Grand Jury, knowingly executed and attempted to execute a scheme and artifice to defraud the Bank of America in St. Louis, Missouri, and to obtain money and property owned by and under the custody and control of the Bank of America, by means of material false and fraudulent pretenses, representations and promises.

2

### The Bank Fraud Scheme

6.    It was part of this scheme that Robert Conner, directly or through others, offered the individuals referred to in this indictment and others (hereinafter "the borrowers") an opportunity to submit false and fraudulent applications for small business lines of credit with BOA. In exchange for approving a fraudulent credit line application, and at the time Robert Conner provided the credit card, Robert Conner demanded and received a cash kickback of $2,500 to $5,000 from each borrower.

7.    It was further part of the scheme that the borrowers applied for credit lines in the names of various business entities, most of which did not exist as legitimate businesses.

8.    It was further part of the scheme that the borrowers knowingly submitted fraudulent credit applications to BOA that contained fraudulent material misrepresentations, namely: (a) the business entity name, its status as a legitimate business, and the amount of time the business had been in operation; (b) the annual income listed on the application; and (b) the gross annual revenue of the entity listed on the application.

9.    It was further part of the scheme that the borrowers and Robert Conner knew the borrowers were not personally credit worthy at the time the false and fraudulent credit line applications were submitted.

10.   It was further part of the scheme that after the fraudulent credit applications were approved, BOA Vice President Robert Conner had the credit cards sent directly to him rather than the borrowers to facilitate his receipt of cash payment kickbacks prior to giving the card to the borrowers.

11.    It was further part of the scheme that the first transaction on the fraudulent credit cards by each borrower was a cash advance, the proceeds of which were used to pay Robert Conner a cash payment kickback.

12.    It was further part of the scheme that a total of approximately $1,213,970 in fraudulent charges were made on cards fraudulently approved by Robert Conner.

### Acts In Execution of the Scheme To Defraud

13.    In furtherance of the scheme and to execute and attempt to execute the scheme, acts were committed in the Eastern District of Missouri, including but not limited to the following:

a.    On or about November 9, 2005, Regina Davidson met with Robert Conner at a BOA branch in Chesterfield, Missouri, and submitted a fraudulent credit application in the name of Quick Return Laundry Service.  Robert Conner approved the credit application.

b.    On or about December 13, 2005, Regina Davidson obtained a $6,000 cash advance, which she provided as a cash payment kickback to Robert Conner in exchange for approving and providing her with the credit card issued to Quick Return Laundry Service.

c.    In December 2005, Ronald Mason fraudulently used the personal information of J.K. and submitted a fraudulent credit application in the name of RDM Development.  Robert Connor approved the credit application.

d.   In September 2005, Monica Gholson submitted a fraudulent business credit application to BOA in the name of The Heights Contractors. Robert Conner approved the credit application.

e.   On or about October 7, 2005, using the credit card obtained from her fraudulent credit application for The Heights Contractors, Monica Gholson obtained a cash advance in the amount of $5,000.

f.   In September 2005, Lois Gholson submitted a fraudulent business credit application to BOA in the name of Mills Construction. Robert Conner approved the credit application.

g.   On or about October 11, 2005, using the credit card obtained from her credit application for Mills Construction, Lois Gholson obtained a cash advance in the amount of $5,000 from a BOA branch in St. John's, Missouri.

h.   In January 2006, John Bowman met with Robert Conner at a BOA branch in Chesterfield, Missouri, and submitted a fraudulent credit application in the name of Bowman Consulting.

i.   In September 2005, Robert M. Baker submitted a fraudulent credit application in the name of Pyramid Consulting. Robert Conner approved the credit application.

j.   In December 2005, Karl Peters signed a blank BOA business credit line application and gave the application to Max Davis. This fraudulent application was then submitted to BOA in the name of Channel

5

Investments. Robert Conner approved the credit application.

k.    On two occasions in December 2005, Karl Peters went to BOA branches in Florissant, Missouri with Max Davis and provided him with the credit card issued. On these two occasions, Karl Peters made two cash advances in the amount of $5,000. He then retained $500 from each transaction and gave the balance of the proceeds and the credit card back to Max Davis.

l.    In June 2005, DeAmon White met with Robert Conner and submitted a fraudulent credit application in the name of New Age Market Solutions. Robert Conner approved the credit application.

m.    In July 2005, DeAmon White met Robert Conner in the parking lot of a Wendy's Restaurant in St. Louis, Missouri, where Robert Conner gave DeAmon White the New Age Market Solutions credit card and DeAmon White paid Robert Conner $3,000 in exchange for receiving the credit card.

n.    In September 2005, Gerald Maurice Rankin met with Robert Conner at Dreams Nightclub in St. Louis, Missouri, where he provided Robert Conner with fraudulent information for use in a credit application that was made in the name of GM Entertainment. At this meeting, Robert Conner demanded $2,500 to expedite the processing and approval of the credit card.

o.    On or about September 19, 2005, Gerald Maurice Rankin went to a BOA branch, Chesterfield, Missouri, and obtained a $4,000 cash advance using

the GM Entertainment credit card.

p.    On or about September 20, 2005, Jerry Brown submitted a fraudulent credit application to BOA in the name of Peachtree Restaurants of St. Louis, Inc.  Robert Conner approved the credit application.

q.    On or about September 30, 2005, Jacqueline Green submitted a fraudulent credit application to BOA in the name of Kid's World Development Center.  Robert Conner approved the credit application.

r.    In October 2005, Jacqueline Green, with her sister, C.B., submitted a fraudulent credit application to BOA in the name of Charlotte's Babies.

s.    On or about September 20, 2005, Max Davis submitted a fraudulent credit application to BOA in the name of American Eagle Construction, Inc. Robert Conner approved the credit application.

t.    On or about September 20, 2005, Joanna Davis submitted a fraudulent credit application to BOA in the name of Stonebridge Construction, Inc. Robert Conner approved the credit application.

14.    On or about November 9, 2005,  within the Eastern District of Missouri,

**ROBERT CONNER,**

the defendant herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a federally insured financial institution, and to obtain moneys, funds, credits, and other property under the custody and control of BOA by means of material false and fraudulent pretenses, representations, and promises, by knowingly approving a fraudulent credit application in the name of Quick Return Laundry Service.

7

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWO

1.      The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.      The Grand Jury further charges that:

3.      On or about October 4, 2005, within the Eastern District of Missouri,

### ROBERT CONNER and ROBERT BAKER,

defendants herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a federally insured financial institution, and to obtain moneys, funds, credits, and other property under the custody and control of BOA by means of material false and fraudulent pretenses, representations, and promises, by using a fraudulent credit card to obtain a $5,000 cash advance at a BOA Hazelwood, Missouri, branch.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THREE

1.      The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.      The Grand Jury further charges that:

3.      From on or about October 4, 2005, and continuing until on or about March 22, 2006, in the Eastern District of Missouri,

### ROBERT CONNER and ROBERT BAKER,

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card

8

account number #### #### #### 7209, the true account number being known to the defendants

and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said

use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT FOUR

1. The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2. The Grand Jury further charges that:

3. On or about June 30, 2005, within the Eastern District of Missouri,

## ROBERT CONNER and WILLIAM HART,

defendants herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a

federally insured financial institution, and to obtain moneys, funds, credits, and other property

under the custody and control of BOA by means of material false and fraudulent pretenses,

representations, and promises, by submitting a fraudulent credit line application to BOA in the

name of KB Realty Incorporated.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FIVE

1. The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2. The Grand Jury further charges that:

3. From on or about July 12, 2005, and continuing until on or about October 3, 2005, in the Eastern District of Missouri and elsewhere,

9

**ROBERT CONNER and WILLIAM HART,**

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access

devices; to wit, the defendants knowingly and without authorization used BOA Visa Card

account number #### #### #### 1569, the true account number being known to the defendants

and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said

use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

### COUNT SIX

1.      The Grand Jury re-alleges and incorporates by reference herein paragraphs One

through Thirteen of Count One.

2.      The Grand Jury further charges that:

3.      On or about June 30, 2005, within the Eastern District of Missouri,

**ROBERT CONNER and DeAMON WHITE,**

defendants herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a

federally insured financial institution, and to obtain moneys, funds, credits, and other property

under the custody and control of BOA by means of material false and fraudulent pretenses,

representations, and promises, by submitting a fraudulent credit line application to BOA in the

name of New Age Market Solutions.

In violation of Title 18, United States Code, Sections 1344 and 2.

### COUNT SEVEN

1.      The Grand Jury re-alleges and incorporates by reference herein paragraphs One

through Thirteen of Count One.

10

2. The Grand Jury further charges that:

3. From on or about July 11, 2005, until on or about September 10, 2005, in the Eastern District of Missouri and elsewhere,

**ROBERT CONNER and DeAMON WHITE,**

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card account number #### #### #### 1577, the true account number being known to the defendants and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT EIGHT

1. The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2. The Grand Jury further charges that:

3. On or about September 19, 2005, within the Eastern District of Missouri,

**ROBERT CONNER and GERALD MAURICE RANKIN,**

defendants herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a federally insured financial institution, and to obtain moneys, funds, credits, and other property under the custody and control of BOA by means of material false and fraudulent pretenses, representations, and promises, by using a fraudulent credit card to obtain a $4,000 cash advance at a BOA Chesterfield, Missouri branch.

In violation of Title 18, United States Code, Sections 1344 and 2.

11

## COUNT NINE

1.     The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.     The Grand Jury further charges that:

3.     From on or about September 11, 2005, until on or about December 6, 2005, in the Eastern District of Missouri and elsewhere,

### ROBERT CONNER and GERALD MAURICE RANKIN,

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card account number #### #### #### 8847, the true account number being known to the defendants and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT TEN

1.     The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.     The Grand Jury further charges that:

3.     On or about October 7, 2005, within the Eastern District of Missouri,

### ROBERT CONNER and MONICA GHOLSON,

defendants herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a federally insured financial institution, and to obtain moneys, funds, credits, and other property under the custody and control of BOA by means of material false and fraudulent pretenses,

12

representations, and promises, by using a fraudulent credit card to obtain a $5,000 cash advance at a BOA St. John's, Missouri branch.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT ELEVEN

1.      The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.      The Grand Jury further charges that:

3.      From on or about October 7, 2005, until on or about December 1, 2005, in the Eastern District of Missouri and elsewhere,

### ROBERT CONNER and MONICA GHOLSON,

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card account number #### #### #### 3399, the true account number being known to the defendants and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT TWELVE

1.      The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.      The Grand Jury further charges that:

3.      On or about October 4, 2005, within the Eastern District of Missouri,

### ROBERT CONNER and JACQUELINE GREEN,

13

defendants herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a federally insured financial institution, and to obtain moneys, funds, credits, and other property under the custody and control of BOA by means of material false and fraudulent pretenses, representations, and promises, by using a fraudulent credit card to obtain a $5,000 cash advance at a BOA Baden branch, St. Louis, Missouri.

In violation of Title 18, United States Code, Sections 1344 and 2.

### COUNT THIRTEEN

1.  The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.  The Grand Jury further charges that:

3.  From on or about October 4, 2005, until on or about January 23, 2006, in the Eastern District of Missouri and elsewhere,

**ROBERT CONNER and JACQUELINE GREEN,**

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card account number #### #### #### 7167, the true account number being known to the defendants and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

### COUNT FOURTEEN

1.  The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2. The Grand Jury further charges that:

3. From on or about October 28, 2005, until on or about January 8, 2006, in the Eastern District of Missouri and elsewhere,

**ROBERT CONNER and JACQUELINE GREEN,**

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card account number #### #### #### 0251, the true account number being known to the defendants and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT FIFTEEN

1. The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2. The Grand Jury further charges that:

3. On or about October 28, 2005, within the Eastern District of Missouri,

**ROBERT CONNER and JERRY BROWN,**

defendants herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a federally insured financial institution, and to obtain moneys, funds, credits, and other property under the custody and control of BOA by means of material false and fraudulent pretenses, representations, and promises, by using a fraudulent credit card convenience check to obtain a $5,000 cash advance from BOA.

In violation of Title 18, United States Code, Sections 1344 and 2.

15

## COUNT SIXTEEN

1.    The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.    The Grand Jury further charges that:

3.    From on or about October 20, 2005, until on or about January 23, 2006, in the Eastern District of Missouri,

## ROBERT CONNER and JERRY BROWN,

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card account number #### #### #### 7233, the true account number being known to the defendants and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT SEVENTEEN

1.    The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.    The Grand Jury further charges that:

3.    On or about January 6, 2006, within the Eastern District of Missouri,

## ROBERT CONNER and ULAS GREEN,

defendants herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a federally insured financial institution, and to obtain moneys, funds, credits, and other property under the custody and control of BOA by means of material false and fraudulent pretenses,

16

representations, and promises, by using a fraudulent credit card to obtain a $6,300 cash advance at a BOA Florissant, Missouri branch.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT EIGHTEEN

1. The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2. The Grand Jury further charges that:

3. From on or about February 6, 2006, until on or about March 3, 2006, in the Eastern District of Missouri and elsewhere,

### ROBERT CONNER and ULAS GREEN,

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card account number #### #### #### 7277, the true account number being known to the defendants and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT NINETEEN

1. The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2. The Grand Jury further charges that:

3. On or about October 4, 2005, within the Eastern District of Missouri,

### ROBERT CONNER and JOANNA DAVIS,

17

defendants herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a federally insured financial institution, and to obtain moneys, funds, credits, and other property under the custody and control of BOA by means of material false and fraudulent pretenses, representations, and promises, by using a fraudulent credit card convenience check to obtain a $5,000 cash advance from BOA.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWENTY

1.     The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.     The Grand Jury further charges that:

3.     From on or about October 4, 2005, until on or about November 17, 2005, in the Eastern District of Missouri and elsewhere,

**ROBERT CONNER and JOANNA DAVIS,**

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card account number #### #### #### 7175, the true account number being known to the defendants and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT TWENTY ONE

1.     The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.    The Grand Jury further charges that:

3.    On or about October 11, 2005, within the Eastern District of Missouri,

**ROBERT CONNER and GLENDA CHAMBERS,**

defendants herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a

federally insured financial institution and to obtain moneys, funds, credits, and other property

under the custody and control of BOA by means of material false and fraudulent pretenses,

representations, and promises, by using a fraudulent credit card to obtain a $5,000 cash advance

at a BOA St. John's, Missouri branch.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWENTY TWO

1.    The Grand Jury re-alleges and incorporates by reference herein paragraphs One

through Thirteen of Count One.

2.    The Grand Jury further charges that:

3.    From on about October 11, 2005, until on or about November 17, 2005, in the

Eastern District of Missouri and elsewhere,

**ROBERT CONNER and GLENDA CHAMBERS,**

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access

devices; to wit, the defendants knowingly and without authorization used BOA Visa Card

account number #### #### #### 7003, the true account number being known to the defendants

and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said

use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

19

## COUNT TWENTY THREE

1.    The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.    The Grand Jury further charges that:

3.    On or about October 11, 2005, within the Eastern District of Missouri,

**ROBERT CONNER and LOIS GHOLSON,**

defendants herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a federally insured financial institution, and to obtain moneys, funds, credits, and other property under the custody and control of BOA by means of material false and fraudulent pretenses, representations, and promises, by using a fraudulent credit card to obtain a $5,000 cash advance at a BOA St. John's, Missouri branch.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWENTY FOUR

1.    The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.    The Grand Jury further charges that:

3.    From on or about October 11, 2005, until on or about November 19, 2005, in the Eastern District of Missouri,

**ROBERT CONNER and LOIS GHOLSON,**

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card account number #### #### #### 6963, the true account number being known to the defendants

and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT TWENTY FIVE

1.    The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.    The Grand Jury further charges that:

3.    On or about December 13, 2005, within the Eastern District of Missouri,

**ROBERT CONNER and REGINA DAVIDSON,**

defendants herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a federally insured financial institution, and to obtain moneys, funds, credits, and other property under the custody and control of BOA by means of material false and fraudulent pretenses, representations, and promises, by using a fraudulent credit card to obtain a $6,000 cash advance at a BOA Hazelwood, Missouri branch.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWENTY SIX

1.    The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.    The Grand Jury further charges that:

3.    From on or about December 13, 2005, until on or about July 5, 2006, in the Eastern District of Missouri,

**ROBERT CONNER and REGINA DAVIDSON,**

21

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card account number #### #### #### 5057, the true account number being known to the defendants and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT TWENTY SEVEN

1. The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2. The Grand Jury further charges that:

3. On or about December 21, 2005, within the Eastern District of Missouri,

### ROBERT CONNER and RONALD MASON,

defendants herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a federally insured financial institution, and to obtain moneys, funds, credits, and other property under the custody and control of BOA by means of material false and fraudulent pretenses, representations, and promises, by using a fraudulent credit card to obtain a $11,000 cash advance at a BOA Olivette, Missouri branch.

In violation of Title 18, United States Code, Section 1344 and 2.

## COUNT TWENTY EIGHT

1. The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2. The Grand Jury further charges that:

3.    From on or about December 21, 2005, until on or about March 11, 2006, in the Eastern District of Missouri and elsewhere,

**ROBERT CONNER and RONALD MASON,**

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card account number #### #### #### 9818, the true account number being known to the defendants and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT TWENTY NINE

1.    The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.    The Grand Jury further charges that:

3.    From on or about December 30, 2005, until on or about February 19, 2006, in the Eastern District of Missouri,

**ROBERT CONNER and RONALD MASON,**

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card account number #### #### #### 9762, the true account number being known to the defendants and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

23

## COUNT THIRTY

1.      The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.      The Grand Jury further charges that:

3.      On or about December 21, 2005, within the Eastern District of Missouri,

**ROBERT CONNER, KARL PETERS, AND MAX DAVIS,**

defendants herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a federally insured financial institution,and to obtain moneys, funds, credits, and other property under the custody and control of BOA by means of material false and fraudulent pretenses, representations, and promises, by using a fraudulent credit card to obtain a $5,000 cash advance at a BOA Hazelwood, Missouri branch.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THIRTY ONE

1.      The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.      The Grand Jury further charges that:

3.      From on or about December 21, 2005, until on or about January 7, 2006, in the Eastern District of Missouri,

**ROBERT CONNER, KARL PETERS and MAX DAVIS,**

the defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card account number #### #### #### 9743, the true account number being known to the defendants

24

and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT THIRTY TWO

1.  The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.  The Grand Jury further charges that:

3.  On or about October 3, 2005, within the Eastern District of Missouri,

**ROBERT CONNER and MAX DAVIS,**

defendants herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a federally insured financial institution, and to obtain moneys, funds, credits, and other property under the custody and control of BOA by means of material false and fraudulent pretenses, representations, and promises, by using a fraudulent credit card convenience to obtain a $5,000 cash advance from BOA.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THIRTY THREE

1.  The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.  The Grand Jury further charges that:

3.  From on or about October 3, 2005, until on or about October 25, 2005, in the Eastern District of Missouri and elsewhere,

**ROBERT CONNER and MAX DAVIS,**

25

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card account number #### #### #### 7217, the true account number being known to the defendants and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT THIRTY FOUR

1.     The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.     The Grand Jury further charges that:

3.     On or about December 21, 2005, until on or about January 9, 2007 in the Eastern District of Missouri and elsewhere,

### ROBERT CONNER and MAX DAVIS,

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card account number #### #### #### 1350, the true account number being known to the defendants and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT THIRTY FIVE

1.     The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

26

2.    The Grand Jury further charges that:

3.    On or about January 30, 2006, within the Eastern District of Missouri,

**ROBERT CONNER and JOHN BOWMAN,**

defendants herein, did knowingly execute and attempt to execute a scheme to defraud BOA, a federally insured financial institution, and to obtain moneys, funds, credits, and other property under the custody and control of BOA by means of material false and fraudulent pretenses, representations, and promises, by using a fraudulent credit card to obtain a $4,050 cash advance at a BOA Plaza branch, St. Louis, Missouri.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THIRTY SIX

1.    The Grand Jury re-alleges and incorporates by reference herein paragraphs One through Thirteen of Count One.

2.    The Grand Jury further charges that:

3.    On or about January 25, 2006, until on or about February 3, 2006, in the Eastern District of Missouri and/elsewhere,

**ROBERT CONNER and JOHN BOWMAN,**

defendants herein, did knowingly and with intent to defraud use one or more unauthorized access devices; to wit, the defendants knowingly and without authorization used BOA Visa Card account number #### #### #### 2311, the true account number being known to the defendants and the Grand Jury, to obtain things of value in excess of $1,000 during a one- year period, said use by the defendants being in and affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT THIRTY SEVEN
(FORFEITURE ALLEGATION)

1.     The allegations of Counts One through Twenty in this Indictment are hereby repeated and re-alleged as if fully set forth herein for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Section 982.

2.     The property, real and personal, of defendant Robert Conner constituting or derived from proceeds obtained, directly or indirectly, as a result of the violation of law set out in Counts One through Twenty of this Indictment is property subject to forfeiture under the provisions of Title 18, United States Code, Section 982(a)(2)(B).

3.     Specifically subject to forfeiture is approximately One Million, Two Hundred Thirteen Thousand, Nine Hundred Seventy Dollars and fifty-eight cents ($1,213,970.58) in United States Currency in that such sum in the aggregate is property constituting, or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense alleged in Counts One through Twenty.

4.     Properties subject to forfeiture as set out in paragraph 2 above, include, but are not limited to:

(1)     One 2006 Hummer HS SUV, VIN 5GRGN23UX6H106233 seized on October 5, 2006, from Robert C. Conner; and

(2)     One 2006 GMC Yukon XL, VIN 1GLFK66U56J102435 seized on October 5, 2006, from Jada Yvette Conner.

5.     If any of the property described in paragraphs 3 and 4 above, as a result of any act or omission of the defendant,

28

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred to, sold to, or deposited with a third person;

(c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value; and/or

(e)   has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), which is incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraphs 3 and 4 above, or elsewhere, as being subject to forfeiture.

A TRUE BILL.

_____
FOREPERSON

CATHERINE L. HANAWAY
United States Attorney

_____
MATTHEW T. SCHELP, #94363
Assistant United States Attorney

29